UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHELLE MORALES,** | § § § § | |
| **V.** | § § | CIVIL ACTION NO.  4:23-cv-00131 |
| **PETSMART, LLC,** | § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, **MICHELLE MORALES** ("Plaintiff", "**MORALES** ") and files this amended complaint against Defendant, **PETSMART LLC** ("Defendant", "**PETSMART**") and would show the Court the following:

**I.**

### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level III and requests the Court enter a discovery control order.

**II.**
### PARTIES AND SERVICE

**1.    Plaintiff:**

Plaintiff, **MICHELLE MORALES**, is a resident of Harris County, Texas.

**2.    Defendant:**

Defendant, **PETSMART LLC**, is a company which operates in the state of Texas and has made an appearance herein.

## III.
## REQUEST FOR SUBSTITUTION OF TRUE NAME PURSUANT TO RULE 28

To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Tex.R.Civ.P., and Plaintiff hereby demands upon answering this suit, that Defendant's answer in Defendant's correct legal and assumed name.

## IV.
## TEXAS RULES OF CIVIL PROCEDURE, RULE 47

Plaintiff seeks monetary remedies in excess of $250,000, but no more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, or in the alternative, a just and reasonable amount as determined by a jury.

## V.
## ALLEGATIONS PLEADED IN THE ALTERNATIVE

On or about **December 21st, 2020,** Plaintiff **MORALES**, was an invitee at Defendant's store located at 2902 S Shepherd Dr, Houston, TX 77098. Plaintiff was at the store to shop and was therefore an invitee. Plaintiff **MORALES** went into Defendant's store restroom. Soon after an employee began mopping outside the restroom while Plaintiff was inside. When Plaintiff exited the restroom, Plaintiff slipped and fell on a liquid on the floor. It was later learned that the liquid was the mop water. Two employees of Defendant witnessed the fall. Clearly, at least one of Defendant's employees was aware of the dangerous condition. Despite this knowledge, Defendant's neither made the area safe nor warned invitees, such as Plaintiff of the dangerous condition on the floor.

*Plaintiff's First Amended Complaint*

Recovery against Defendant is justified under the common law theory of premises liability.

1. Plaintiff was an invitee.

2. Defendant was the occupier and/or possessor of the subject premises.

3. The condition of the premises posed an unreasonable risk of harm to Plaintiff. On the occasion in question, Defendant failed to maintain the area in question in a safe manner. Specifically, Defendant knew, or should have known, that any liquid on the ground in an area where there is high pedestrian traffic, is likely to cause its customers to slip and fall. In fact, one of Defendant's employees was aware of the dangerous condition. Additionally, Defendant failed to either adequately warn the Plaintiff or make safe the area where the incident occurred.

4. Defendant's lack of care proximately caused Plaintiff's injuries.

## VI.
## DAMAGES

All the above actions or omissions were a proximate and or producing cause of Plaintiff's injuries and damages. As a direct and proximate result of the incident made the basis of this lawsuit and Defendant's negligence, Plaintiff seeks damages from Defendant including, but not limited to, the following:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries proximately resulting from the incident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in the counties in which the services were rendered Texas.

*Plaintiff's First Amended Complaint*

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future.

3. Physical pain and suffering in the past and physical pain and suffering in the future.

4. Loss of earnings in the past and loss of earning capacity which will, in all probability, be incurred in the future.

5. Physical impairment in the past and physical impairment in the future.

6. Physical disfigurement in the past and physical disfigurement in the future.

7. Mental anguish in the past and mental anguish in the future.

## VII.
## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial on all issues and tenders the appropriate fee with this petition.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre and post-judgment interest at the maximum rate allowed by law; costs of court; and such other and further relief, both general and special, to which Plaintiff may be entitled at law or in equity.

Respectfully submitted:

By:  */s/ David K. Mestemaker*
David K. Mestemaker
(SBOT# 13974600)
Southern District of Texas No. 14410
dkm@mandsattorneys.com
3100 Timmons Lane, Suite 455
Houston, Texas 77027
Tel.  (713) 626-8900

Fax    (713) 626-8910
ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:
Mestemaker, Straub and Zumwalt
Norman L. Straub (SBOT# 00793002)
Fed ID NO: 19700
nstraub@mandsattorneys.com
Jonathon B. Zumwalt (SBOT# 24053570)
Fed ID NO: 915263
jzumwalt@mandsattorneys.com
3100 Timmons Lane, Suite 455
Houston, Texas 77027
Tel.   (713) 626-8900

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of *Plaintiff's first amended complaint* was served on Defendant's counsel of record, in compliance with the Federal Rules of Civil Procedure, on May 16th, 2023.

William H. Luck, Jr, Attorney in Charge
1412B Stonehollow Dr
Houston, TX 77339
281-358-7611
281-358-0299 F
bill.luck@sbcglobal.net
*Attorney for Defendant PetSmart, LLC*

Carl "Bo" Dawson, Attorney in Charge
Ryan Dawson
770 S Post Oak Ln, Ste 600
Houston, TX 77056
713-960-1555
713-960-8491 F
cdawson@rdlaw.com
*Attorney for Defendant Alabama Shepherd, LLC*

    /s/ David K. Mestemaker_____
    David K. Mestemaker